David Abrams, Attorney at Law
305 Broadway Suite 601
New York, NY 10007
Tel. 212-897-5821 dnabrams@gmail.com

United States District Court
Southern District of New York

_____

|  |  |
|---|---|
| Tadeusz & Halina Chmiel, | ) |
|  | ) |
| Plaintiffs, | ) |
|  | ) No. |
| - against - | ) |
|  | ) **Complaint** |
| BMI Realty, LLC a/k/a BMI Realty Co. | ) |
| a/k/a Perle Management; Thor Equities | ) |
| RN LLC; Thor Equities LLC; | ) |
| and Thor Management Company RN LLC, | ) |
|  | ) |
| Defendants. | ) |
|  | ) |

_____)

Plaintiffs, complaining of the Defendants by their attorney, David Abrams, Attorney at Law, respectfully set forth and allege as follows:

**I.   Introduction**

1.   This is an action for unpaid wages and overtime under the Fair Labor Standards Act and the New York Minimum Wage Act.

**II.   Parties**

2.   Plaintiffs ("Mr. & Mrs. Chmiel" or "Plaintiffs") are natural persons.

3.   Defendant BMI Realty LLC a/k/a BMI Realty Co a/k/a Perle Management ("BMI"). is  New York limited liability company with a principal place of business in the State of New York, County of New York.

4.   Defendants Thor Equities RN LLC; Thor Equities LLC; and Thor Management Company RN LLC (collectively, "Thor") are foreign limited liability companies doing business in the State of New York, County of New York.

### III.     Venue and Jurisdiction

5.      The Court has subject matter jurisdiction over this matter in that Plaintiff asserts claim under federal law -- a claim under the Fair Labor Standards Act -- and the remaining claims are part of the same case or controversy.

6.      The Court has personal jurisdiction over the Defendants in that this matter arises from the Defendants' employment of the Plaintiffs at their facility which is located in Manhattan.

7.      Venue is appropriate in that this matter in the Southern District in that this matter arises from the Defendants' employment of the Plaintiff at their facility which is located in Manhattan.

### IV.     Background

8.      At all times relevant to this complaint, BMI operated a building in Manhattan and employed the Plaintiffs to perform building service job duties.  Subsequently in 2015, Thor -- acting in concert -- purchased the same building and also jointly employed the Plaintiffs to perform building service job duties.

9.      Mr. & Mrs. Chmiel were employed for approximately 27 years performing these services until their employment ended in late 2015 after Thor took over operations of the building.  Mr. Chmiel's terminal rate of pay was $426 per week.  Mrs. Chmiel was not remunerated for her services although both Plaintiffs resided in an apartment provided by the building.

10.     Both Plaintiffs regularly worked in excess of 40 hours per week but were not paid overtime premiums.

**V.     Causes of Action and Demand for Relief**

Count One: Violation of New York Wage & Hour Law

11.     The allegations contained in the preceding paragraphs are incorporated as if restated herein.

12.     Plaintiffs were employees of the Defendants (collectively, the "Employer") within the meaning of the New York Minimum Wage Act and accompanying regulations.

13.     The Employer was an employer within the meaning of those same regulations.

14.     The Employer violated the above law and regulations in that it did not properly compensate Mrs. Chmiel for the hours and overtime hours he worked.

Count Two: Violation of the Fair Labor Standards Act

15.     The allegations contained in the preceding paragraphs are incorporated as if restated herein.

16.     At all times relevant to this Complaint, the Employer's gross annual sales made or business done was not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

17.     Further, at all times relevant to this Complaint, the Employer had more than one employee who, in the course of their employment, regularly handled goods which crossed state or international lines, for example supplies handled by Mr. & Mrs. Chmiel in the course of their job duties.

18.     Accordingly, the Defendants are covered employers under the Fair Labor Standards Act.

19.     The Employer violated the Fair Labor Standards Act in that it did not properly compensate Plaintiffs for the overtime hours they worked.

WHEREFORE Plaintiff demand judgment against the Defendants in the amount of their unpaid back wages, overtime and liquidated damages, in an amount not more than $200,000.00 each which includes attorneys fees and costs, and such other and further relief that the Court deems just.

                                                        Respectfully submitted,

                                                        /s/ David Abrams

                                                        David Abrams
                                                          Attorney for Plaintiffs
                                                        305 Broadway Suite 601
                                                        New York, NY 10007
                                                        Tel. 212-897-5821
                                                        Fax    212-897-5811

Dated: February 15, 2016
New York, New York