# CLIFTON BUDD & DEMARIA, LLP
ATTORNEYS AT LAW

THE EMPIRE STATE BUILDING
350 FIFTH AVENUE, 61ST FLOOR
NEW YORK, NY 10118

TEL 212.687.7410
FAX 212.687.3285
WWW.CBDM.COM

May 6, 2016

Hon. Richard J. Sullivan, U.S.D.J.
United States District Court
Thurgood Marshall
United States Courthouse
40 Foley Square, Room 2104
New York, NY 10007

  Re: *Chmiel v. Thor Equities RN LLC, et al.*
     Civil Action No. 16-cv-1482 (RJS)

Dear Judge Sullivan:

  This law firm represents Defendants Thor Equities RN LLC, Thor Equities LLC and Thor Management Company RN LLC ("the Thor Entities") in the above-referenced matter.

  We write today to request the opportunity to file a motion to dismiss with respect to Plaintiffs' claims under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") and accordingly, request a pre-motion conference. Specifically, Plaintiffs have failed to adequately plead their claims under Federal Rules of Civil Procedure 8(a)(2) and 12(b)(6).

  To survive a motion to dismiss, a Plaintiff must plead sufficient allegations to state a plausible claim that he/she worked in excess of forty hours a week. Under FRCP 8(a)(2), a "plausible" claim must contain, "factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged…." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); *see also, Bell Atl. Corp. v. Twombly,* 550 US 544, 556 (2007). The complaint must evidence more than a mere possibility of a right to relief. *Iqbal,* 556 US at 678. "Threadbare recitals of a cause of action, supported by conclusory statements, do not suffice." *Twombly,* 550 U.S. at 570.

  In three cases, the Second Circuit has addressed the specificity required to state a claim for overtime pay under the FLSA. First, in *Lundy v. Catholic Health Sys. of Long Island, Inc.,* 711 F.3d 106 (2d Cir. 2013), the Second Circuit held that a complaint seeking overtime wages under the NYLL and FLSA must contain "an approximation of the total uncompensated hours worked during a given workweek in excess of forty hours." *Id.* at 114.

  In *Lundy,* all of the plaintiffs plead their "typical" schedule and two of the three alleged that they occasionally worked in excess of forty hours in a week due to additional shift work, missed meal breaks, uncompensated time before and after shifts and/or trainings. *Id.* According to the Second Circuit, plaintiffs' failure to detail how often, or how long they worked in excess of their regular shift or that they were even denied overtime pay in any specific week created a situation where they did not properly allege their claims. *Id.* at 114-15. The Second Circuit held

Hon. Richard J. Sullivan, U.S.D.J.
May 6, 2016
Page 2

that plaintiffs had failed to allege a single workweek in which they worked at least forty hours and also worked uncompensated time in excess of forty hours. *Id.* at 115. Therefore, the *Lundy* plaintiffs did not plead plausible claims for overtime under the FLSA and the NYLL and the Court dismissed their complaint.

Second, in *Nakahata v. New York-Presbyt. Healthcare Sys. Inc.*, 723 F.3d 192 (2d Cir. 2013), the Second Circuit, as in *Lundy*, examined the plaintiffs' FLSA and NYLL allegations of unpaid overtime for work performed during meal breaks, before and after shifts and during required training. *Id.* at 201. The Second Circuit determined that plaintiffs needed to provide "sufficient detail about the length and frequency of their unpaid work to support a reasonable inference that they worked more than forty hours in a given week." *Id.* The Court further explained that "plaintiff must sufficiently allege 40 hours of work in a given workweek as well as uncompensated time in excess of the 40 hours." *Id.* at 200.

Third, in *DeJesus v. HF Mgmt. Services, LLC*, 726 F.3d 85, 89 (2d Cir. 2013), the plaintiff alleged that in "some or all of the workweeks she worked more than 40 hours a week without being paid one and a half (1 ½) times her rate of compensation." The Second Circuit, however, once again concluded that plaintiff failed to state a plausible claim for relief because she did not allege overtime compensation in a given workweek. *Id.* at 90. The Second Circuit stated that the FLSA required specificity as to a workweek in which plaintiffs were denied overtime payments. According to the court in *DeJesus,* this requirement was "designed to require plaintiffs to provide some factual context that will 'nudge' their claim from 'conceivable to plausible.'" *Id.* at 90 (citing *Twombly* at 570).

Here, Plaintiff has utterly failed to meet the standards set forth in the Second Circuit precedent. Plaintiff merely states in paragraph 10 that "[B]oth Plaintiffs regularly worked in excess of 40 hours per week but were not paid overtime premiums." Such an allegation fails under the test set forth by the Second Circuit as to the requirements to properly plead claims under the Fair Labor Standards Act and the New York Labor Law. Plaintiff is required to plead overtime compensation in a specific week with respect to each determination. Accordingly, Plaintiffs' case must be dismissed with prejudice.

Similarly, the Second Circuit in *DeJesus* also addressed the issue of whether the plaintiff properly plead that she was an employee of the defendant. In order to do so, plaintiffs must sufficiently allege where they worked, describe their position and provide the dates of employment. *Id.* at 91. Here, Plaintiffs fail to adequately describe their positions and Plaintiffs have not adequately plead dates of employment.

Hon. Richard J. Sullivan, U.S.D.J.
May 6, 2016
Page 3

    Accordingly, Thor Entities requests a right to submit a motion to dismiss on these issues that seeks dismissal of this action.

    Respectfully submitted,

    CLIFTON BUDD & DeMARIA, LLP

By: _____
    Daniel C. Moreland, Esq.

DCM/vc