UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



HALINA CHMIEL and TADEUSZ CHMIEL,

               Plaintiffs,

   -v-

BMI REALTY, LLC a/k/a BMI REALTY CO.
a/k/a PERLE MANAGEMENT; THOR
EQUITIES, LLC; THOR EQUITIES RN LLC;
and THOR MANAGEMENT COMPANY RN
LLC,

               Defendants.

No. 16-cv-1482 (RJS)
ORDER

RICHARD J. SULLIVAN, District Judge:

      For the reasons stated on the record at the conference held on March 12, 2018, IT IS
HEREBY ORDERED THAT Defendants' motions to dismiss the Second Amended Complaint
(*see* Doc. Nos. 31 ("Compl."), 39, 42) are granted in part and denied in part.

      Specifically, the Court finds that Mr. Chmiel has not pleaded sufficient facts to support a
plausible claim of a federal minimum wage violation under the Fair Labor Standards Act, 29
U.S.C. § 206(a)(1).  Mr. Chmiel alleges that he worked "45-50 hours" per week and received
$426 as a weekly salary. (Compl. ¶ 17, 19).  Assuming, favorably to Mr. Chmiel, that he worked
50 hours per week, such a schedule would result in wages of approximately $8.52 per hour.
Because the federal minimum wage has never been higher than $7.25, 28 U.S.C. § 206(a)(1), as a
matter of arithmetic, Mr. Chmiel's lowest hourly wage rate still puts him over the federal
minimum wage.  Although the issue is complicated slightly because Mr. Chmiel also claims that

the 45-50 hour weekly estimate does not "include on-call time, or time spent responding to emergencies in the middle of the night," he also acknowledges that he received "occasional additional money paid during the summer for painting vacant apartments" (i.e., payments not reflected in his weekly salary). (Compl. ¶ 17, 19.) But apart from those vague references, he does not attempt to approximate the additional hours he worked or the monies he received. As other courts have found, such "conclusory" and "unsupported" allegations of a minimum wage violation "are insufficient to raise 'more than a mere possibility of a right to relief.'" *Johnson v. Equinox Holdings, Inc.*, No. 13-cv-6313 (RMB) (JLC), 2014 WL 3058438, at *3–4 (S.D.N.Y July 2, 2014) (quoting *Nakahata v. New York-Presbyterian Healthcare System, Inc.*, 723 F.3d 192, 197 (2d Cir. 2013))). Accordingly, Mr. Chmiel's federal minimum wage claim is dismissed.

In addition, Plaintiffs' annual wage notice claims under New York Labor Law Section 195(1)(a) also must be dismissed for the simple reason that Section 195(1)(a) does not create a private cause of action. *See Gamero v. Koodo Sushi Corp.*, No. 15-cv-2697 (KPF), 2017 WL 4326116, at *21 n.13 (S.D.N.Y. Sept. 28, 2017) (collecting cases). Indeed, Plaintiffs expressly conceded this point in their opposition brief. (Doc. No. 48 at 11.)

With respect to Plaintiffs' remaining claims, the Court denies Defendants' motions to dismiss, finding that the Second Amended Complaint contains sufficient facts – if only just barely – to sustain Plaintiffs' minimum wage and wage statement claims under New York Labor Law, N.Y. Lab. Law §§ 652(1), 195(3), Ms. Chmiel's minimum wage claim under the FLSA, 28 U.S.C. § 206(a)(1), and Mr. Chmiel's overtime wage claim under both the FLSA, 28 U.S.C. 207(a)(1), and New York wage regulations, N.Y. Comp. Codes R. & Regs. tit. 12 § 142–2.2.

Accordingly, IT IS FURTHER ORDERED THAT Defendants shall answer the Second Amended Complaint no later than Friday, March 30, 2018.

Finally, IT IS FURTHER ORDERED THAT by Friday, March 30, 2018, the parties shall submit to the Court an updated proposed case management plan and scheduling order.   A template for the order is available at:   http://www.nysd.uscourts.gov/judge/Sullivan.   The proposed case management plan should be filed on ECF and emailed to my chambers at the following address:   sullivanNYSDchambers@nysd.uscourts.gov.

The Clerk of Court is respectfully directed to terminate the motions pending at docket numbers 39 and 42.

SO ORDERED.

Dated:        March 12, 2018
              New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE